IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-00474-JD |
| ) | |
| DEVION SHAWN SHAPUTIS, ) | |
| ) | |
| Defendant. ) | |

# **ORDER**

Defendant Devion Shawn Shaputis filed a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) ("Motion"). [Doc. No. 38]. In his Motion, Mr. Shaputis asks the Court to reduce his sentence based on Amendment 821 to the United States Sentencing Guidelines ("USSG") because he was assessed two additional criminal history points ("status points"). Motion at 1. Assistant Federal Public Defender Laura K. Deskin, in accordance with this District's General Order 23-6 and this Court's Order [Doc. No. 42], filed a Notice Regarding Defendant's Ineligibility for Reduction of Sentence Under 18 U.S.C. § 3582(c)(2) Based on the Retroactive Application of USSG Amendment 821 [Doc. No. 44].

The United States responded to the Motion [Doc. No. 41], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 39]. For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Because of the downward variance he received, Mr. Shaputis' sentence of 60 months is below the

minimum of his amended guideline range, and the Court lacks authority to reduce his sentence further.

I.   **BACKGROUND**

On January 5, 2023, Mr. Shaputis pled guilty to Counts 1 and 2 of the Superseding Information. [Doc. Nos. 19–25]. Count 1 charged Mr. Shaputis with possession of methamphetamine, in violation of 21 U.S.C. § 844. [Doc. Nos. 19–22]. Count 2 charged Mr. Shaputis with felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). *See id.* On June 21, 2023, the USPO filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 31]. Counts 1 and 2 were grouped pursuant to USSG § 3D1.2(c). PSR at ¶ 25. Count 2 carried the higher adjusted offense level; thus, the adjusted offense level of 26 was used for guideline purposes. *See id.* at ¶¶ 26, 32, 38–39; *see also* USSG § 3D1.3(a). After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 23. *See* PSR at ¶¶ 41–43.

The PSR calculated a total criminal history score of 10 for Mr. Shaputis, which placed him in a criminal history category of V. *See id.* at ¶ 54. Mr. Shaputis was assessed an additional two "status points" because he committed the instant offense while under a criminal justice sentence imposed by the Oklahoma County District Court. *See id.* at ¶¶ 51, 53–54. Based on a total offense level of 23 and a criminal history category of V, Mr. Shaputis' advisory guideline range for imprisonment was 84 months to 105 months. *See id.* at ¶ 90.

At the sentencing hearing held on September 19, 2023, the Court adopted the PSR without change. [Doc. No. 37 at 1]. The Court varied downward from the advisory

sentencing guidelines and sentenced Mr. Shaputis to a term of imprisonment of 12 months as to Count 1 and 60 months as to Count 2, both terms to be served concurrently and to run concurrently with any anticipated sentence imposed in Oklahoma County District Court Case No. CF-2022-4297 and any revocation sentence imposed in CF-2020-763. *See id.* at 2–4; *see also* Judgment at 2 [Doc. No. 36]. The Statement of Reasons reflects that the Court considered Amendment 821 in imposing the sentence. [Doc. No. 37 at 4].

## II.   DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

The Sentencing Commission amended the USSG effective November 1, 2023. Relevant here, Part A of Amendment 821 decreases the defendant's "status points" by one if he has seven or more criminal history points, and his "status points" are eliminated if he has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821

4

(Part A). Applying Part A of Amendment 821, Mr. Shaputis' "status points" would be decreased by one, resulting in a total criminal history score of 9, which changes his criminal history category to IV. Thus, with a total offense level of 23 and a criminal history category of IV, Mr. Shaputis' amended guideline range is 70 months to 87 months. Amendment 821, then, lowers Mr. Shaputis' guideline range.

However, a reduction is inconsistent with the applicable policy statements.[1] *See* USSG § 1B1.10(b)(2)(A); *Dillon*, 560 U.S. at 826–27. Pursuant to the Sentencing Commission's instructions, the Court cannot reduce Mr. Shaputis' term of imprisonment below the minimum of the amended guideline range—i.e., below 70 months. *See* USSG § 1B1.10(b)(2)(A) (explaining that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range"). Because the Court imposed a sentence of 60 months, which is already lower than the minimum of the amended range, the Court is not authorized to modify Mr. Shaputis' sentence pursuant to § 3582(c)(2).

The applicable policy statement also precludes the Court from a variance below the amended guideline range comparable to the downward variance Mr. Shaputis received at his sentencing. On this point, the application note to USSG § 1B1.10(b)(2) is instructive. It states that "[i]f the term of imprisonment imposed was outside the guideline range applicable to the defendant at the time of sentencing, the limitation in subsection (b)(2)(A) also applies." USSG § 1B1.10, cmt. n.3. The note provides an example: A

---

[1] The USPO concurs with this result in its Preliminary Report and notes that Mr. Shaputis is not entitled to relief. [Doc. No. 39 at 2].

5

defendant had a guideline range at the time of sentencing of 70 to 87 months, but the court imposed a sentence of 56 months, constituting a downward departure or variance. *Id.* Following a guideline amendment, the defendant's new guideline range is 51 to 63 months. *Id.* Under § 1B1.10(b)(2)(A), the court could "reduce the defendant's term of imprisonment but shall not reduce it to a term less than 51 months."[2] *Id.*

Because Mr. Shaputis received a downward variance, his sentence of 60 months is below the minimum of his amended guideline range, and the Court lacks the authority to reduce his sentence further. As such, Mr. Shaputis is not eligible for a reduction of his sentence under Part A of Amendment 821. Because the reduction is not authorized, the Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Shaputis' sentence and dismisses the Motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition").

### III.  CONCLUSION

Accordingly, Defendant Devion Shawn Shaputis' motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) [Doc. No. 38] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 14th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

[2] USSG § 1B1.10(b)(2)(B) provides an exception to this limitation, which is not applicable in Mr. Shaputis' case.